CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RKu
MAY 2 3 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LOUIS R. CHAPMAN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:06cv00304 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DANIEL A. BRAXTON, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Louis R. Chapman, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Chapman alleges that the defendants violated his federal constitutional rights by searching his cell, photocopying his "privileged" legal documents, and disclosing the contents of those documents to "civilian" staff and by removing him from his institutional job after he complained of the aforesaid violations. However, Chapman admits that at the time he filed the instant suit he was still pursuing administrative relief through the institutional grievance procedure. Accordingly, because Chapman did not exhaust his administrative remedies before filing this action, I find his complaint must be dismissed pursuant to 42 U.S.C. § 1997e(a).

I.

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999)(holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). Chapman admits that at the time he filed this cause of action his regular grievance related to the alleged constitutional violations was still pending,

and an institutional investigation related to his claims had been initiated. Therefore, I find that Chapman did not exhaust all available administrative remedies before filing the instant complain and, thus, dismiss his suit.

## II.

For the stated reasons, Chapman's suit is dismissed pursuant to §1997e(a). The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Memorandum Opinion, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 23rd day of May, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge

2